IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TAMONTE FINNEY,<br><br>    Defendant. | Case No. 2:23-cr-13 |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss the Indictment against the defendant, Tamonte Finney. ECF No. 17. The motion avers that the statute upon which the indictment is based, 18 U.S.C. § 922(g)(1), which prohibits felons from possessing firearms, is unconstitutional under the Second Amendment and the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). The Court has fully considered the arguments set forth in the parties' briefs and has determined it is not necessary to hold a hearing on the motion. *See* E.D. Va. Loc. Crim. R. 47(J). For the reasons stated herein, the defendant's motion (ECF No. 17) is **DENIED**.

### I.      BACKGROUND

The defendant was indicted on January 25, 2023, and charged with two counts of Felon in Possession of Firearm pursuant to 18 U.S.C. § 922(g)(1). ECF No. 1 at 1–2. An arrest warrant was issued on January 26, 2023, and executed on February 3, 2023. ECF No. 5. The defendant entered a plea of not guilty at his arraignment on February 8, 2023. ECF No. 12. He had previously been convicted of a felony (Robbery:

Threat of Immediate Serious Injury) and sentenced to incarceration for a period of 11.5 months to 23 months in Pennsylvania state court in 2015. ECF No. 11 at 4–5.

## II.     LEGAL STANDARD

An indictment may be dismissed if the statute on which the indictment is premised is unconstitutional. *United States v. Riley*, No. 1:22-cr-163, 2022 WL 7610264, at *3 (E.D. Va. Oct. 13, 2022); *United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010); Fed. R. Crim. P. 12(b)(3)(B) (a defendant may, before trial, file a motion alleging a "defect in the indictment").

## III.    ANALYSIS

The defendant argues that the statute upon which his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional because it violates the Second Amendment as interpreted by the Supreme Court in *Bruen*. Section 922(g)(1) provides, in relevant part, that:

> It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

Dozens of courts around this nation, including two in the Eastern District of Virginia, have considered the constitutionality of section 922(g)(1) in the wake of *Bruen*, and none have found the statute unconstitutional.[1] Today, this Court joins its

---

[1] For example, in the Fourth Circuit alone, at least twenty district courts have found section 922(g)(1) constitutional since *Bruen* was decided: *United States v. Robinson-*

sister courts in holding that section 922(g)(1) does not run afoul of the Second Amendment.

### A.    *Bruen*, *Heller*, and the Second Amendment

The defendant argues that the Supreme Court's decision in *Bruen* "marked a dramatic shift in Second Amendment law." ECF No. 17 at 1. He argues that his "possession of a firearm comes within the Second Amendment's plain text," meaning

---

*Davis*, No. 7:22-cr-00045, 2023 WL 2495805 (W.D. Va. Mar. 14, 2023); *United States v. Glen Jackson*, No. 1:22-cr-00141, 2023 WL 2499856 (D. Md. Mar. 13, 2023); *United States v. Tucker*, No. 2:22-cr-00017, 2023 WL 205300 (S.D.W. Va. Jan. 17, 2023); *United States v. Coleman*, No. 3:22-cr-00008, 2023 WL 122401 (N.D.W. Va. Jan. 6, 2023); *United States v. Medrano*, No. 3:21-cr-00039, 2023 WL 122650 (N.D.W. Va. Jan. 6, 2023); *United States v. Dawson*, No. 3:21-cr-00293, 2022 WL 17839807 (W.D.N.C. Dec. 21, 2022); *United States v. Marique*, No. 8:21-po-02263, 2022 WL 17822443 (D. Md. Dec. 20, 2022); *United States v. Tallion*, No. 8:22-po-01758, 2022 WL 17619254 (D. Md. Dec. 13, 2022); *United States v. Spencer*, No. 2:22-cr-00106, 2022 WL 17585782 (E.D. Va. Dec. 12, 2022); *United States v. Wagoner*, No. 4:20-cr-00018, 2022 WL 17418000 (W.D. Va. Dec. 5, 2022); *United States v. Burton*, No. 3:22-cr-00362, 2022 WL 16541139 (D.S.C. Oct. 28, 2022); *United States v. Grant*, No. 3:22-cr-00161, 2022 WL 16541138 (D.S.C. Oct. 28, 2022); *United States v. Snead*, No. 1:22-cr-00033, 2022 WL 16534278 (W.D. Va. Oct. 28, 2022); *United States v. Anderson*, No. 2:21-cr-00013, 2022 WL 10208253 (W.D. Va. Oct. 17, 2022); *Riley*, 2022 WL 7610264; *United States v. Price*, No. 2:22-cr-00097, 2022 WL 6968457 (S.D.W. Va. Oct. 12, 2022); *United States v. Daniels*, No. 1:03-cr-00083, 2022 WL 5027574 (W.D.N.C. Oct. 4, 2022); *United States v. Doty*, No. 5:21-cr-00021, 2022 WL 17492260 (N.D.W. Va. Sept. 9, 2022); *United States v. Nutter*, No. 2:21-cr-00142, 2022 WL 3718518 (S.D.W. Va. Aug. 29, 2022); *United States v. Ingram*, No. 0:18-cr-00557, 2022 WL 3691350 (D.S.C. Aug. 25, 2022). The Seventh Circuit considered the constitutionality of section 922(g)(1) under *Bruen* (albeit in the context of a motion to withdraw filed by appointed counsel) and found that "it would be frivolous to argue that section 922(g)(1) is unconstitutional [as applied to a person convicted of a violent felony.]" *United States v. Gonzalez*, No. 22-01242, 2022 WL 4376074 (7th Cir. Sept. 22, 2022). A panel of the Third Circuit rejected an as-applied challenge to section 922(g)(1) with respect to a person convicted of a non-violent felony, *see Range v. Att'y Gen. United States*, 53 F.4th 262 (3d Cir. 2022), which the Third Circuit voted to vacate and rehear *en banc*, *Range v. Att'y Gen. United States of Am.*, 56 F.4th 992 (3d Cir. 2023). The court has not yet issued its *en banc* decision.

3

that "his conduct is presumptively protected" unless the government can show that 922(g)(1) is "consistent with American tradition." *Id.* at 1–2 (internal quotation marks omitted).

In the wake of the Supreme Court's decisions in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), courts of appeals developed a two-step test to evaluate Second Amendment claims. This test assessed (1) whether "the challenged law regulates activity falling outside the scope of the right as originally understood" based on its historical meaning, and (2) "how close the law comes to the core of the Second Amendment right and the severity of the law's burden on that right." *Bruen*, 142 S. Ct. at 2126 (internal quotation marks and citations omitted).

In *Bruen*, the Supreme Court struck down a New York State statute that required individuals who wished to carry a firearm outside of their home to show "proper cause" in order to obtain a license. *Bruen*, 142 S. Ct. at 2122–23. The district court and court of appeals below had applied the two-step test, finding that the New York statute was "substantially related to the achievement of an important governmental interest." *Id.* at 2125 (internal quotation marks omitted). The Court found that while "[s]tep one of the predominant framework is broadly consistent with *Heller* . . . . *Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context." *Id.* at 2127. Instead, the Court reasoned that "[t]he test we set forth in *Heller* and apply today requires courts to assess whether modern

4

firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131.

The Court in *Heller* made clear that felon-in-possession laws do not violate the Second Amendment. *See Heller*, 554 U.S. at 626 (noting that "the right secured by the Second Amendment is not unlimited" and that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ."). The Court in *Bruen* specifically stated that it was not overruling or modifying its decision in *Heller*. *See, e.g.*, *Bruen*, 142 S. Ct. at 2118 (characterizing its holding as "consistent with *Heller* and *McDonald*"), 2126 (noting its decision as "[i]n keeping with *Heller*"), 2131 (describing its opinion as an application of "[t]he test we set forth in *Heller*"). Because *Bruen* did not overrule *Heller*, this Court finds that it must follow *Heller*'s admonition regarding prohibitions on the possession of firearms by felons. *Heller*, 554 U.S. at 626.[2]

### B.     The Fourth Circuit's Pre-*Bruen* Cases Regarding Section 922(g)(1)

Given that *Bruen* did not overrule *Heller*, the Court finds further support for its conclusion in the Fourth Circuit's pre-*Bruen* decisions that upheld the

---

[2] The defendant categorizes *Heller*'s discussion of felon-in-possession laws as "dicta," and invites the Court to disregard it. ECF No. 17 at 11–12. The Court declines the defendant's invitation. The Fourth Circuit has instructed that "we cannot ignore the Supreme Court's explicit guidance simply by labeling it 'dicta.'" *Hengle v. Treppa*, 19 F.4th 324, 346 (4th Cir. 2021). Rather, lower federal courts should afford "substantial, if not controlling deference to dicta from the Supreme Court." *Manning v. Caldwell for City of Roanoke*, 930 F.3d 264, 281 (4th Cir. 2019) (*en banc*). Even if this were not the case, the Fourth Circuit has adopted and made this "dicta" binding on this Court, as discussed in Section III.B.

constitutionality of section 922(g)(1) under *Heller*. For example, in *United States v. Moore*, 666 F.3d 313 (2012), the Fourth Circuit found section 922(g)(1) valid in the face of a Second Amendment challenge. *Id.* at 318–19. The court in *Moore* based its holding on *Heller*'s proclamation that felon-in-possession laws are "presumptively lawful regulatory measures." *Id.* at 317–318. Although the Fourth Circuit expressed some confusion as to whether this proclamation was based on historical understanding or "'some other reason,'" the court ultimately found that "[w]hichever meaning the Supreme Court had in mind negates a facial challenge to a felon in possession statute like § 922(g)(1)." *Id.* at 317 (quoting *United States v. Chester*, 628 F.3d 673 (4th Cir. 2010)).

The Fourth Circuit again considered a Second Amendment challenge to section 922(g)(1) in *United States v. Pruess*, 703 F.3d 242 (2012), where it held that the statute was constitutional as applied to a defendant who had been previously convicted of a non-violent felony.[3] *Id.* at 242. The court in *Pruess* largely applied *Moore* and *Heller*. *See, e.g., id.* at 246–47.

Because *Moore* and *Pruess* did not rely on the second step of the two-step test that *Bruen* abrogated, the Court finds that *Moore* and *Pruess* remain good law and bind the Court in this case. *See, e.g.*, *Riley*, 2022 WL 7610264 at *10 ("[T]his Court

---

[3] The defendant argues that "[e]ven if Congress could ban firearm possession by violent felons, § 922(g) cannot be severed or reinterpreted to transform the wholesale felon ban into a more targeted law." ECF No. 17 at 13 (heading). Because the Court finds that *Pruess* remains good law, the violent or non-violent nature of the particular felony at issue is immaterial—section 922(g)(1) lawfully prohibits persons convicted of either kind of felony from possessing firearms.

concludes that the Fourth Circuit's decisions in *Moore* and *Pruess* remain good law and control the disposition of Defendant's motion to dismiss.").

### C.   Other Courts in This District Have Upheld the Constitutionality of Section 922(g)(1) Post-*Bruen*

The Court's decision in this case is consistent with the approach taken by two other courts in this district—*Riley*, 2022 WL 7610264 and *Spencer*, 2022 WL 17585782—that confronted the same question.

In *Riley*, defendant Travel Riley was indicted for possessing a firearm in violation of section 922(g)(1). *Riley*, 2022 WL 7610264 at *1. Defendant Riley filed a motion to dismiss the indictment, making the same arguments—often repeated verbatim—that the defendant makes here. *Compare generally* ECF No. 17 *with* Mot. to Dismiss 18 U.S.C. § 922(g)(1) Count Under the Second Amend., *United States v. Riley*, No. 1:22-cr-00163, ECF No. 27 (E.D. Va. Sept. 28, 2022). The court construed defendant Riley's motion as a facial challenge to 922(g)(1). *Riley*, 2022 WL 7610264 at *6 n.4. After discussing *Bruen*, *Heller*, *Moore*, and *Pruess*, the court found that "[b]ecause *Bruen* cautions it does not displace *Heller* . . . it does not backtrack on *Heller*'s upholding of statutes prohibiting possession of firearms by felons." *Id.* at *10. As a result, the court concluded that "*Moore* and *Pruess* remain good law and control the disposition of Defendant's motion to dismiss." *Id.* at *10. The court then noted that "[e]ven if [it] were to start afresh under the refreshed *Heller* framework endorsed by *Bruen*, § 922(g)(1) would pass *Bruen* muster." *Id.* Applying the first step of the *Bruen* framework, the court found that "the people" referenced in the Second Amendment "remains limited to those within the political community and not those

classified as felons." *Id.* Assuming that were not true, the court proceeded to the second step of the *Bruen* framework and analyzed historical precedents and analogs to felon-in-possession laws, concluding that "[t]aken together and by analogy, these practices allow this Court to assume it settled that felon in possession prohibition laws are consistent with the Founders' understanding of the Second Amendment at ratification." *Id.* at *11–13 (internal quotation marks omitted). The court denied defendant Riley's motion to dismiss. *Id.*

In *Spencer*, defendant Harold Edward Spencer III was indicted for, *inter alia*, felon in possession of a firearm in violation of section 922(g)(1). *Spencer*, 2022 WL 17585782 at *1. Defendant Spencer filed a motion to dismiss this charge of the indictment, again repeating—largely verbatim—the arguments before the court in *Riley* and now before this Court. *Compare generally* ECF No. 17 *with* Def.'s Mot. to Dismiss Count Thirteen, *United States v. Spencer*, No. 2:22-cr-106, ECF No. 101 (E.D. Va. Nov. 9, 2022). The *Spencer* court, following the approach taken in *Riley*, denied defendant Spencer's motion. *Spencer*, 2022 WL 17585782 at *2–4. It also expressly determined that engaging in the historical analysis discussed in *Bruen* was "unnecessary" when analyzing a Second Amendment challenge to section 922(g)(1). *Id.* at *4 (citing *United States v. Price*, No. 2:22-CR-00097, 2022 WL 6968457, at *9 (S.D.W. Va. Oct. 12, 2022)).

The Court finds the decisions in *Riley* and *Spencer* instructive and adopts the well-reasoned analysis of those courts here. In particular, the Court agrees that it is "unnecessary to engage in the historical analysis test articulated in *Bruen*" when

8

evaluating the constitutionality of section 922(g)(1). *Spencer*, 2022 WL 17585782 at *4. Nonetheless, for completeness, the Court adopts the detailed historical analysis undertaken by the court in *Riley*. *Riley*, 2022 WL 7610264 at *11–13.

IV.     **CONCLUSION**

For the foregoing reasons, the defendant's Motion to Dismiss the Indictment (ECF No. 17) is **DENIED.**

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

_____ /s/

Jamar K. Walker
United States District Judge

Norfolk, Virginia
March 29, 2023